GARRETT, J.,
concurs.
hi concur with the affirmance of the trial court ruling which grants the motions for summary judgment and exceptions filed by some of the defendants based upon the subsequent purchaser rule and which dismisses the plaintiffs’ claims for prepur-chase damages. I respectfully decline to join in the dicta in the majority opinion pertaining to unadjudicated claims, other causes of actions or remedies that may or may not be viable, and speculation regarding who may be potentially responsible for what.
Our job on appeal is to consider what was ruled upon below. The lower court’s cogent written reasons for judgment dated March 18, 2014, carefully explained the very narrow legal issue before the court. This lawsuit was originally filed in 2004. Various exceptions and motions were filed and argued in 2009. Eventually, other defendants were added to the suit. Due to all of the legacy lawsuit litigation winding its way throughout the Louisiana court system, the parties asked the lower court to defer ruling in 2009. Thus, this matter lay dormant for several years. As noted by the lower court, “significant developments in the law” have occurred over the years, some of which are discussed in the majority opinion. Some of those cases were also discussed in the lower court opinion. In the latter part of October 2013, the parties brought this complicated matter back before the trial court. As explained in the Reasons for Judgment:
This matter is before the Court on the following motions and exceptions: motions for summary judgment and exceptions of McGowan, Exxon and BP related to the subsequent purchaser rule (no right of action); motions of McGowan, Exxon and BP for dismissal based on the Dickenhorst agreement; McGowan Exceptions of Lack of Subject Matter Jurisdiction/Primary Jurisdiction, Lack of Notice/Amicable Demand/Putting in Default, Prematurity based on La. R.S. 30:2015.1; No Cause of ^Action, and Vagueness and Ambiguity. These motions and exceptions were initially heard in 2009. The parties requested the Court to delay its rulings because of pending cases in other jurisdictions. There have been significant developments in the law since the initial hearing. All parties agreed at the latest hearing on October 2, 2013 that the only issue which remains for this court to decide is the subsequent purchaser issue as it relates to the motions for summary judgment and exceptions. (Emphasis added.)
The trial court went on to expressly note in its Reasons for Judgment that the issue of whether the plaintiff may bring a cause of action for a regulatory clean-up of the property was not before the court.
*500 Statements made to this court during oral argument in response to questioning on issues that were not before the lower court or before this court on appeal do not become part of the appeal or the appellate record. Further, my recollection of statements made during oral argument and my interpretation of the arguments made in the postargument briefs on the issues not even before us differs from that described in the majority opinion. In my view, the litigants in this case are completely at loggerheads as to what still may be viable below and who may be potentially responsible for what. However, our differing recollections of what may have been said during oral arguments or our interpretation of arguments in brief are irrelevant. None of these issues are before us. Thus, any discussion of these issues is complete dicta and unnecessary to affirm the ruling made below.